**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JUSTINA MARIA HOLLAND,** | § | |
| **(Reg. No. 73612-018),** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Civil Action No. 4:24-CV-217-O** |
| | § | |
| **WARDEN RULE,** | § | |
| **FMC Carswell, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION and ORDER OF PARTIAL DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/plaintiff Justina Maria Holland's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After reviewing the complaint and more definite statement, the Court concludes that plaintiff Holland's claims and factual allegations against several individual defendants must be dismissed, but that she may obtain service of her claims against FMC-Carswell Officer Feeney.

**BACKGROUND/PLAINTIFF'S PLEADINGS**

Holland initiated this suit by filing a civil-rights complaint form with attachments. Compl. 1-22, ECF No. 2. In the complaint, Holland names several defendant officials at FMC-Carswell, including Officer Shane Feeney, Warden Rule, Captain Smith, Lieutenant Frontera, and psychologist Dr. Feliciano. Compl. 3, ECF No. 2. In her statement of claim in the complaint, Holland writes the following:

> On or about Sept. 2022 Officer Shane Feeney entered my room at FMC-Carswell while I was in my private bathroom. I had not been able to use the right side of my body and was sitting in my shower chair. The officer entered and proceeded to sodomize me then drop me on my face unable to get myself back up right away, He threatened me if I reported it. April 2023, my now ex-husband figured out what

1

happened and reported it to Lt. Frontera. Since then I have faced serious retaliation by staff and inmates threats to bodily harm. All of which is documented and recorded to Captain Smith, Warden Rule, Dr. Feliciano and with this court.

On several occasions and documented in emails, as well as emails directly to OIG which "disappear" and we are unable to print, I ask for help. I have been on video calls with family where other inmates could be heard threatening and harassing me. Said videos are recorded and this was referenced to SIA here at Carswell. I have requested compassionate release in August 2023 probation came to my home and approved it. Since that I have heard nothing. Senator Marco Rubios office is assisting myself and my mother. I have a witness who gave her testimony to OIG and she has also faced retaliation. They have broken every PREA policy. I even had psychology tell me "Don't worry this is only a moment in time." As if such a horrific event while disabled won't stay with me for a lifetime. When I requested to go the protective custody I was told "I don't like doing that because it's a lot of paperwork. Go to the new housing unit and if you have issues let me know."

This institution has failed me at every turn. Other women here don't want to report their abuse because they are afraid after seeing what happened to me. I have literally begged for help for the past 10 months to no avail. Their lack of empathy, safety, protection is horrendous, No one should have to endure what I have. My judge sentenced me to prison. He didn't sentence me to be tortured and violated at every turn. My time here of 27 months is like 10 years with what I have gone through. I had to beg for months to see the outside rape crisis center, finally after writing them up I got it 4.5 months after my report.

Compl. 4, 6-7, ECF No. 2.

The Court issued an order for Holland to file a more definite statement of facts supporting her claims. She provided extensive answers, particularly regarding the actions of Officer Feeney. MDS 1, ECF No. 16. With regard to each of the other defendants, the Court directed Holland to state "any particular fact of the personal involvement of [the particular defendant] with any of the claims made the basis of your complaint." MDS 4, ECF No. 16. Holland answered as follows:

Warden Rule

The warden knew the retaliation I faced I told him on a regular basis in main line at lunch during the week. Yet he never did anything to assist other than tell me to email SIS who did nothing, He is in charge of that prison. It is his duty and obligation to protect the prisoners against what I went through and then to know

what was happening after and do nothing about it was awful.

Captain Smith

Captain Smith was my go to for the entire investigation because SIS was often unavailable to help. I told her on a regular basis of the retaliation she did nothing. I asked to be out into PC before a housing unit move and she told me it was too much paperwork and should something happen to let her know and they would handle it. She knew that officer retaliated against me and that I lose my phone on the grounds I shouldn't have but did nothing to help me so I was deprived of my right to the phone over a false report by her officer. She is head of security at Carswell my safety should've been her number one priority and it wasn't.

Lieutenant Frontera

He did not protect the report and allowed my name to be spoken to others during investigation. That then opened the door to the retaliation I faced. I told him about the video visits my husband emailed him to tell him to listen and do something about it but he did not never responded never helped me with it. His inability to handle the case in a professional manner and stay in touch with me, check on me as PREA policy states again he did not. Having to constantly worry that no one will help is serious mental anguish being afraid for my life and the person in charge of the investigation doing nothing.

Dr. Feliciano

Refer to 2C for PREA policies which clearly show [I'm] due the right to therapy. I asked for therapy at the time then again may beginning in an email only to be told 4-6 months then promised inside therapy only for every session to be cancelled. Reporting to her in mainline that she bailed at every meeting and doing nothing about it.

MDS 2-3, ECF No. 16.

Importantly, however, Holland acknowledged in her more definite statement that no defendant other than Officer Feeney caused her to sustain any physical harm. MDS 3, ECF No. 16. Holland's claim for relief is for the "Court to find them liable for bodily harm, mental anguish, fees, and pay for what has happened." Compl. 4, ECF No.2.

**LEGAL STANDARD OF REVIEW UNDER § 1915A and § 1915(e)(2)(B)**

Plaintiff Holland is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity officer or employee, her pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Holland is proceeding *in forma pauperis*, her pleadings are also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

### A.       42 U.S.C. § 1997e(e) Limitation on Monetary Damages if no Physical Injury

As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . .." 42

U.S.C. § 1997e(e). This physical injury requirement has long been recognized as applying to claims under the Eighth Amendment. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar*, 112 F.3d at 193-94. The United States Court of Appeals for the Fifth Circuit subsequently held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*,  404 F. 3d 371, 375 (5th Cir. 2005). The Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim arising from a strip search, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions,"* and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury preclude his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007) (emphasis in original).

Courts in this circuit have recognized that § 1997e(e) bars a Plaintiff from seeking monetary damages to compensate for emotional or mental injury, absent a showing of physical injury in different contexts. *See generally Logan v. Honeycutt,* No. 12-156-JJB-SCR, 2012 WL 3903501, at *3 (M.D. La. July 24, 2012) (holding that Plaintiff's failure to allege that he sustained a physical injury as a result of alleged retaliation prohibits him from recovering compensatory damages pursuant to 42 U.S.C. § 1997e(e),  *rep. and rec. adopted*, 2012 WL 3903452 (Sep. 7, 2012); *Hodge v. Stadler*, No. 04-0965,  2006 WL 1560754, at *3 (E.D. La. May 24, 2006) ("Arguably, it may seem counterintuitive  that a prisoner's damage claim for a purely nonphysical

form of retaliation would be barred unless he can show a physical injury suffered in connection with the claim.  Nevertheless, this Court finds that is in fact the result mandated by the decision of the United States Fifth Circuit Court of Appeals in *Geiger v. Jowers*, 404 F.3d 371 (2005)").

Holland has not alleged any physical injury from any defendant other than Officer Feeney. Compl. 1-7, ECF No. 2.  When asked if any other defendant "caused you to sustain any physical injury as a result of any allegation in your complaint," Holland responded "No other defendant caused me physical harm." MDS Order 3, ECF No. 16. Holland's failure to allege physical injury against defendants Warden Rule, Captain Smith, Lieutenant Frontera, and Dr. Feliciano bars claims for recovery of any compensatory monetary damages. Thus, Holland's claims for compensatory monetary damages, her only claims, are barred under 42 U.S.C. § 1997e(e) and must be dismissed.

### B.      Service of Process Allowed as to Defendant Shane Feeney

Holland's claims against defendant Shane Feeney are as stated in the complaint (ECF No.2) and in her MDS (ECF No. 16). Construed liberally, Holland has alleged facts against Shane Feeney that entitle her to service of the complaint and more definite statement on Shane Feeney. Thus, the Court will allow service of Holland's remaining claims against Feeney only through the assistance of the officers of the Court under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See Rochon v. Dawson*, 828 F. 2d. 1109-1110 (5th Cir. 1987).[1]

---

[1]  A separate order will issue regarding service of Holland's claims upon Officer Feeney.

**CONCLUSION and ORDER**

Based on the foregoing, it is therefore **ORDERED** that plaintiff Justina Maria Holland's claims against defendants Warden Rule, Captain Smith, Lieutenant Frontera, and Dr. Feliciano are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this **16th day of July, 2024.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**